**IN THE COURT OF APPEALS OF IOWA**

No. 15-1239
Filed September 10, 2015

**IN THE INTEREST OF R.H.,**
   **Minor Child,**

**R.H., Father,**
   Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.


A father appeals the termination of his parental rights to his one-year-old daughter. **AFFIRMED.**


Martha L. Cox, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee.

Patrick Kelly, Bettendorf, for mother.

Marsha Arnold, Davenport, attorney and guardian ad litem for minor child.


Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, J.**

An incarcerated father appeals the order terminating his parental relationship with his one-year-old daughter R.H. He argues the permanency plan was for his niece to have a guardianship over R.H. until he was released from prison. Because we agree with the juvenile court's decision to pave the way for the niece to adopt R.H., we affirm the order terminating parental rights.

R.H. was born in August 2014 to parents Angela and Roderick. Because both parents were incarcerated at the time of R.H.'s birth, Roderick's niece took custody upon the baby's release from the hospital. The court adjudicated R.H. as a child in need of assistance (CINA) in November 2014. For the past year, R.H. has remained in the care of Roderick's niece, who is ready to adopt the child.

The juvenile court held a permanency hearing in March 2014. Based on the parents' ongoing incarceration and R.H.'s continuous out-of-home placement, the court changed the permanency goal from reunification to termination and adoption. The court ordered the State to file a petition to terminate parental rights within thirty days. The State filed its petition on April 17, 2015, alleging termination was appropriate under Iowa Code sections 232.116(1)(a), (d), (e), (g), (h), (j), (k), and (*l*) (2013). The juvenile court held a hearing in June 2014 at which Roderick appeared by telephone from prison.

On July 6, 2015, the court terminated Roderick's rights under paragraphs (e) and (h).[1] Roderick now appeals.

---

[1] Angela also had her parental rights terminated but she is not a party to this appeal.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

On appeal, Roderick challenges both of the statutory grounds for termination, arguing he has shown a continuing interest in his child by maintaining contact with the Department of Human Services (DHS) and emphasizing that "the plan proposed and agreed to by the parties prior to the Permanency Hearing was establishing a guardianship with the father's niece."[2]

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We find the State established the elements of paragraph (h) by clear and convincing evidence.

To terminate under this paragraph, the State was required to prove the following: (1) the child is three years of age or younger; (2) the child has been adjudicated CINA pursuant to section 232.96; (3) the child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that the

---

[2] The State claims Roderick failed to preserve error because he did not contest the grounds for termination at trial. While we agree Roderick did not present contradicting evidence, we nonetheless review to determine whether there was clear and convincing evidence supporting termination.

child cannot be returned to the parent's custody as provided in section 232.102 at the present time. Iowa Code § 232.116(1)(h) (2013). "At the present time" refers to the point of the termination hearing. *See A.M.*, 843 N.W.2d at 111.

At the time of the termination hearing, Roderick was still incarcerated, but eligible for parole. Roderick, who has a long criminal history, was serving a fifteen-year prison sentence with a tentative discharge date of July 2017. Roderick struggles with drug and alcohol abuse and had been undergoing treatment while incarcerated.

Roderick does not assert R.H. could have been placed with him at the time of the hearing. Rather he claims the juvenile court erred in terminating his rights because his niece could care for R.H. until he was paroled. He suggests establishing a guardianship with his niece would have been preferable to terminating his parental rights. His position on appeal is somewhat different than his sentiments expressed during the termination hearing, when he testified he had "no problem with my niece [adopting] my daughter."[3]

Establishing a guardianship is not a legally preferable alternative to termination of parental rights and adoption. *See In re L.M.F.*, 490 N.W.2d 66, 67–68 (Iowa Ct. App. 1992). We do not deprive a child of permanency when the State has proved a ground for termination "hoping someday a parent will learn to parent and be able to provide a stable home." *A.M.*, 843 N.W.2d at 113. Termination is the appropriate solution when a parent is unable to regain custody within the time frames of chapter 232. *See In re C.K.*, 558 N.W.2d 170, 174

---

[3] Roderick testified that if his niece adopted R.H., he did not want his daughter's name to be changed. He does not discuss the name-change issue on appeal.

(Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.").

Because of his incarceration, Roderick was unable to regain custody of R.H. within the time allotted by section 232.116(1)(h). The record did not reflect that Roderick would be equipped to care for his daughter, whom he had yet to meet, when he was released from prison. The record did show that R.H. was thriving in the care of Roderick's niece, who was willing to adopt her. The juvenile court appropriately chose termination and adoption over the possibility of establishing a guardianship.

**AFFIRMED.**